UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

ANDRE D. FARLEY,

                Plaintiff,

-vs-                             Case No.  5:07-cv-178-Oc-10GRJ

BILLIE J. FARLEY,

                Defendant.

_____

**O R D E R**

This case is before the Court for consideration of the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Improper Venue (Doc. 4), to which the pro se Plaintiff responded (Doc. 6).  The motion is ripe for review and is due to be granted.

**Background & Facts**

In March of 2003, the Plaintiff and Defendant married in the state of Alabama.  The day after their marriage, the Army Reserve summoned the Plaintiff to active duty in Iraq.  While the Plaintiff was overseas, the Defendant relocated to Texas.  When the Plaintiff completed his obligation to serve on active duty and returned to the United States, the Defendant moved back to Alabama and the couple lived together there.  In December of 2005, the Plaintiff's employer (the Federal Bureau of Prisons) reassigned the Plaintiff to the federal correctional facility at Coleman, Florida.  In February of 2006, the couple traveled to Florida and the Plaintiff reported to work.  A few weeks later, the couple traveled to Alabama to finalize their move and while there - specifically, on April 20, 2006 - the

Defendant gave birth to their child.  Shortly after the birth the family returned to Florida.  On July 12, 2006, the Defendant left the Plaintiff and took their child to Texas, apparently without the intention of returning.  In August of 2006, the couple discussed divorce and, on September 18, 2006, the Defendant filed a petition for dissolution of marriage in state court in McLennan County, Texas.  On October 20, 2006, the Plaintiff filed a competing divorce petition in state court in Marion County, Florida.

The Plaintiff moved to dismiss the Texas action on the basis of a lack of jurisdiction, forum non conveniens, and a purported exception to the "first to file" rule.  On December 20, 2006, the Texas court held an evidentiary hearing and denied that motion, stating as follows:

> Okay, I'm not going to deny the respondent's pleas to the jurisdiction of this Court. I do not find that - that Florida was not the under - the Uniform Child Custody Jurisdiction Enforcement Act.  I find that Florida was not the home state of the child since the child had not resided in Florida for at least six months.
>
> And that having been said, Mr. Taggert.  I also find that your client [Mrs. Farley] has not resided continuously in McLennan County for - the State of Texas for at least six months - or McLennan County for at least 90 days.
>
> * * *
>
> Okay.  I'm going to abate the case for - until such a time as - as Mrs. Farley has lived in the State of Texas for six months and McLennan County for 90 days.

2

Complaint at 4-5 (Doc. 1).[1]   According to the information before the Court, no further proceedings have occurred in the Texas action.

The Defendant moved to dismiss the Florida action.  On March 13, 2007, the Florida court held an evidentiary hearing and denied that motion.  The Florida court claimed jurisdiction over the divorce proceedings, but not over any custody issues relating to the child.  The Florida court held as follows:

> The Court is going to find that the evidence is undisputed that Mr. Farley was a resident of the State of Florida for six months prior to the filing of the petition. However, the child custody [sic] was not.
>
> * * *
>
> All right.  The Court is going to find that there is jurisdiction over Mr. Farley to address the issues regarding the dissolution of marriage.  However, the Court does not have jurisdiction over the child.  The child lived here on a very temporary basis for less than three months, has been in Texas since that time, and while the filing of the petition was close to the same amount of time, that the child had lived in Texas that the child had lived here, there are absolutely no ties between that child and this State and no information regarding the welfare and all the aspects that's required by statute for the Court to consider having to do with the child issues.
>
> So, I mean it would be far reaching for this Court to determine that I've got jurisdiction over the child, and I'm not going to do that.

Complaint at 6.  According to the information before the Court, no further proceedings have occurred in the Florida action.

---

[1] The parties did not submit any documentation related to the state court proceedings. Thus, the Court must rely upon the excerpted portions of the state court rulings, as they appear in the Complaint.

On May 2, 2007, the Plaintiff filed the Complaint, in which the Plaintiff sought declaratory and injunctive relief pursuant to the Article IV, § 1 of the United States Constitution and 28 U.S.C. §§ 1738 & 1738A.  Further, the Plaintiff has asserted subject matter jurisdiction in accordance with Article I of the United States Constitution and 28 U.S.C. §§ 1738 & 1738A.  In Count I of the Complaint, the Plaintiff seeks a judgment declaring the following:

> (1) Plaintiff was a resident of the State of Florida 6 months prior to his filing of the petition for dissolution of marriage involving a minor in Florida circuit court, (2) Florida circuit court has jurisdiction over Plaintiff and Defendant and division of their marital estate, (3) the divorce between Plaintiff and Defendant and division of their marital estates shall take place in Florida and before the Florida circuit court claiming jurisdiction over them, (4) Texas state district court did not have statutory jurisdiction over Plaintiff and Defendant and their marital estate, and (5) Texas state districts [sic] court's orders entered regarding jurisdiction and spousal support shall be void and vacated.

Complaint at 10-11.  In Count II of the Complaint, the Plaintiff seeks an injunction "requiring the Texas state district court to refrain from exercising jurisdiction over the parties and their marital estate, or alternatively, direct[ing] the Texas state district court to dismiss the case or transfer the case to the above described Florida circuit court."  Complaint at 11.

### Discussion

As an initial matter, federal courts have "customarily declined to intervene [in] the realm of domestic relations."  See Elk Grove Unified School Dist. v. Newdow, 542 U.S. 1, 12 (2004).  Indeed, the Supreme Court has observed that "[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States

and not to the laws of the United States." Id. (quoting In re Burrus, 136 U.S. 586, 593-94 (1890)). Here, the Plaintiff seeks to have this Court insert itself firmly into the realm of domestic relations by, among other things, declaring "void and vacated" a state court order concerning its jurisdiction in a domestic case, and enjoining that state court from exercising jurisdiction over a domestic case. The Plaintiff would have this Court intervene into state court divorce and child custody proceedings by way of a claim brought pursuant to 28 U.S.C. §§ 1738 & 1738A.[2] However, the United States Supreme Court has unambiguously held that neither of those sections confers upon an individual a private right of action. See Thompson v. Thompson, 484 U.S. 174, 182 (1988) ("[T]he full faith and credit clause, in either its constitutional or statutory incarnations, does not give rise to an implied federal cause of action.") (citing Minnesota v. Northern Securities Co., 194 U.S. 48, 72 (1904)).[3] Accordingly, this action is due to be dismissed because the Plaintiff has alleged subject matter jurisdiction only in accordance with §§ 1738 and 1738A, those sections do not

---

[2] The Parental Kidnaping Prevention Act, 28 U.S.C. § 1738A, "imposes a duty on the States to enforce a child custody determination entered by a court of a sister State if the determination is consistent with the provisions of the Act." Thompson v. Thompson, 484 U.S. 174, 175-76 (1988). Section 1738A is an addendum to 28 U.S.C. § 1738, the full faith and credit statute. See Thompson, 484 U.S. at 183.

[3] In his Response to the motion to dismiss, the Plaintiff relies primarily upon McDougald v. Jenson, 596 F. Supp. 680 (N.D. Fla. 1984), for the proposition that 28 U.S.C. § 1738A gives rise to a private right of action. The court in McDougald found that § 1738A conferred jurisdiction upon the court to determine whether a state court exercised proper jurisdiction in making a child custody determination. First, to the extent that the McDougald court held that § 1738A created a private right of action, four years later the Supreme Court eviscerated that holding in Thompson. Second, notwithstanding Thompson, the holding in McDougald is not applicable here, as the Court does not have before it for review a child custody determination. Indeed, no state court has claimed jurisdiction over the child, let alone made a determination of child custody.

confer such jurisdiction, and no other basis for subject matter jurisdiction was alleged or
exists.

Even if § 1738A provided a private right of action, that section does not apply to the
facts of this case.  The plain language of § 1738A requires that states give full faith and
credit to a "custody determination or visitation determination" of a court of a sister state.
Here, no court has made a determination as to child custody or visitation.  The only
determination made regarding the child was the Florida court's decision not to exercise
jurisdiction over the child.  Thus, § 1738A on its face does not apply to the facts before the
Court.  In addition, the Plaintiff's Complaint is based upon an assertion that the Florida and
Texas courts have entered conflicting judgments.  However, neither the Florida court nor
the Texas court have entered judgment.[4]  Moreover, the state court decisions, as
presented to this Court, are not in conflict.  Indeed, the Texas court abated the Texas
action, while the Florida court exercised jurisdiction over the dissolution of marriage
proceedings, but found that it lacked jurisdiction over the child for purposes of custody
proceedings.

Finally, the Plaintiff asserts in his Response that subject matter jurisdiction exists in
this case pursuant to 28 U.S.C. § 2283, which provides that: "A court of the United States
may not grant an injunction to stay a proceeding in a State court except as expressly

---

[4] It is for this reason that the Rooker-Feldman doctrine, argued by the Defendant as a
grounds for dismissal for lack of subject matter jurisdiction, is inapplicable.  See David Vincent,
Inc. v. Broward County, 200 F.3d 1325, 1332 (11th Cir. 2000) (According to the Rooker-Feldman
doctrine, federal district courts cannot review final state court judgments . . . .") (emphasis added).

authorized by Act of Congress, or where necessary in aid of its jurisdiction, or to protect or effectuate its judgments."  However, the Plaintiff's argument is entirely dependent on the Court first entering a declaratory judgment, and then seeking to effectuate that judgment through injunctive relief.   With no jurisdiction to enter the declaratory judgment, the dependent request for injunctive relief does not provide a ground for subject matter jurisdiction.  To do so would put the cart before the horse.

## Conclusion

Accordingly, upon due consideration, the Defendant's Motion to Dismiss for Lack of Subject Matter Jurisdiction and for Improper Venue (Doc. 4) is GRANTED and the Complaint (Doc.1) is DISMISSED.[5]  The Clerk is directed to terminate any pending motions and close the case.

IT IS SO ORDERED.

DONE and ORDERED at Ocala, Florida this 22nd day of August, 2007.

UNITED STATES DISTRICT JUDGE

---

[5] Because the Court finds that the this action is due to be dismissed for lack of subject matter jurisdiction, the Court need not pass on the Defendant's assertion that the action is due to be dismissed for improper venue.

Copies to:    Counsel of Record